# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              **ORDER**
                                Criminal File No. 16-338 (MJD/FLN)

(1) ADAM J. BURKE and
(3) DANA ENOCH KIDD,

        Defendants.

David Michael Maria and John E. Kokkinen, Assistant United States Attorneys, Counsel for Plaintiff.

Peter B. Wold and Aaron J. Morrison, Wold Morrison Law, Counsel for Defendant Adam J. Burke.

Eric L. Newmark, Newmark Law Office, LLC, Counsel for Defendant Dana Enoch Kidd.

      The above-entitled matter comes before the Court on Defendant Adam J. Burke's appeal of Magistrate Judge Franklin L. Noel's May 22, 2017 Order denying Burke's Motion to Strike Surplusage. This Court will reverse a magistrate judge's order on a nondispositive issue if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). The Court has

reviewed the submissions and the record in this case and concludes that Magistrate Judge Noel's May 22, 2017 Order is neither clearly erroneous nor contrary to law. Therefore, the May 22, 2017 Order is affirmed.

The above-entitled matter also comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated May 22, 2017. Defendant Burke filed objections to the Report and Recommendation. Defendant Dana Enoch Kidd did not file any objections.

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Noel dated May 22, 2017.

> An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense. Usually an indictment that tracks the statutory language is sufficient.

<u>United States v. Whitlow</u>, 815 F.3d 430, 433 (8th Cir. 2016) (citations omitted).

The Indictment in this case meets the aforementioned standard for the charged conspiracy offenses. The Court further notes that the charges in this case are based not only on a theory that a chiropractor commits fraud by billing

2

an insurance company for noncompensable claims based on services provided to a patient who was brought to the clinic through a kickback payment to a runner, but also on allegations that the chiropractor billed the insurance company for treatments that were not medically necessary, for services not actually provided, and for treatment of participants in staged car accidents. (Indictment ¶¶ 1, 3-6, 13, 15, 16.) The Indictment asserts that all of these allegations were part of a scheme to defraud insurance companies. Moreover, as the Eighth Circuit Jury Instructions for the underlying substantive offenses recognize, more than one theory of a scheme to defraud may be presented to the jury. See Eighth Circuit Manual of Model Jury Instructions (Criminal) (2014) §§ 6.18.1341 n.2, 6.18.1347 n.3. The Court further notes that the charges in the Indictment are, in fact, conspiracy counts under 18 U.S.C. § 1349. "[A] conspiracy conviction under § 1349 does not require proof of an overt act." United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015). See also Eighth Circuit Manual of Model Jury Instructions (Criminal) (2014) § 5.06A-1 n.2.

Furthermore, "under the No–Fault Act, insurance companies have a right to deny paying benefits based on grounds other than the necessity and reasonableness of the medical treatment." Liberty Mut. Fire Ins. Co. v. Acute

Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1008 (D. Minn. 2015). See also United States v. Gabinskaya, 829 F.3d 127, 133–34 (2d Cir. 2016) (upholding convictions for conspiracy to commit mail fraud and conspiracy to commit health care fraud, among other offenses, based on physician conspiring to submit claims to no-fault automobile insurance companies that were ineligible for payment under New York law because the physician was not the actual owner of the clinic). A claim can be fraudulent based on the withholding of a material fact from the insurance company, even when that material fact does not implicate medical necessity. Thus, if a claim is ineligible for compensation due to violation of the runner statute, that fact could be material to an insurance company. See Minn. Stat. § 609.612, subd. 2. Here, the Government has adequately alleged that the existence of kickback payments to runners is a material fact to insurance companies.

United States v. Jain, 93 F.3d 436 (8th Cir. 1996), is inapposite because, there, the alleged victims of the mail fraud were the patients and there was no evidence of harm; here, the Government alleges that the automobile insurance companies were the victims, that the victims were billed for services that were not medically necessary or were not provided, and that the non-disclosure of the

4

runner payments was a "material fact" to those insurance companies (Indictment ¶ 17). Finally, <u>Illinois Farmers Ins. Co. v. Mobile Diagnostic Imaging, Inc.,</u> did not address the runner statute. No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *9-10 (D. Minn. Aug. 19, 2014).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. United States Magistrate Judge Franklin L. Noel's May 22, 2017 Order [Docket No. 106] is **AFFIRMED**.

2. Defendant Adam J. Burke's objection [Docket No. 119] is **OVERRULED**.

3. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Noel dated May 22, 2017 [Docket Nos. 109, 110].

4. Defendant Burke's Motion to Suppress Search and Seizure of a Cellular Telephone [Docket No. 89] is **DENIED**.

5. Defendant Burke's Motion to Suppress Search and Seizure of Items – Cellular Telephone [Docket No. 92] is **DENIED**.

6. Defendant Burke's Motion to Suppress Search and Seizure of Items – Burke Chiropractic Center [Docket No. 93] is **DENIED**.

7. Defendant Burke's Motion to Dismiss [Docket No. 90] is **DENIED**.

8. Defendant Dana Enoch Kidd's Motion to Dismiss Indictment [Docket No. 94] is **DENIED**.

Dated:   August 10, 2017      s/Michael J. Davis
                              Michael J. Davis
                              United States District Court