# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                  **MEMORANDUM OF LAW & ORDER**
                  Criminal File No. 16-338 (MJD/BRT)

(1) ADAM JOHN BURKE,

       Defendant.

David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

Aaron J. Morrison, Wold Morrison Law, Counsel for Defendant.

## I.    SUMMARY

The Court denies Defendant's motion for compassionate release because he has not shown extraordinary and compelling reasons for release. Defendant was the mastermind of a white collar fraud scheme to defraud auto insurance companies. He has refused the Moderna vaccine. He is housed in a minimum security camp with no active COVID-19 cases. He would be released into the community where he would significantly raise his risk of contracting COVID-19

1

and serve as a vector for the highly contagious Delta variant, endangering

vulnerable members of our community.

Defendant's educational background is in the medical field, and he

appeared in Court as a buff individual.  He kept up an exercise regimen in prison

until the time period when he decided to pursue compassionate release based on

a newly elevated BMI.

## II.    INTRODUCTION

This matter is before the Court on Defendant Adam John Burke's Motion

for Compassionate Release.  [Docket No. 431]

## III.    BACKGROUND

On December 27, 2017, a jury found Defendant Adam John Burke guilty of

the following counts in the Second Superseding Indictment: Count 1: Conspiracy

to Commit Mail Fraud in violation of 18 U.S.C. § 1349, and Counts 2-13: Mail

Fraud in violation of 18 U.S.C. §§ 2, 1341.  Defendant was the mastermind of a

white collar fraud scheme to defraud auto insurance companies.  On October 2,

2018, the Court sentenced Defendant to a term of 90 months.

## IV.    DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a

defendant's motion following exhaustion of administrative remedies or the lapse

of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13. Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

3

> > (II) suffering from a serious functional or cognitive impairment, or
>
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has exhausted administrative remedies. Therefore, the Court addresses the merits of Defendant's request.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to a medical condition to warrant relief. Defendant is a healthy, slightly obese, middle-aged individual incarcerated at Federal Prison Camp Duluth, a minimum security camp, where there are no active COVID-19 cases. All inmates have been offered vaccination, and 64% of FPC Duluth inmates are fully vaccinated against COVID-19. Defendant was offered and declined the Moderna COVID-19 vaccine.

The Court is outraged that Defendant would profess to be terrified for his life by the COVID-19 pandemic and yet reject a highly effective and safe vaccine. Defendant appears to request that the Court reward Defendant's decision to

significantly raise his risk of contracting COVID-19 by releasing him into the community where he can serve as a vector for the highly contagious Delta variant and endanger those vulnerable members of our community who are unable to benefit from vaccinations.  The Court finds Defendant's claim that he is unable to make an informed decision on the safety and efficacy of the vaccine due to his inability to consult with his personal physician to be preposterous, particularly given Defendant's past education and career in the medical field. Finally, the Court notes that when Defendant previously appeared in Court, he was a "buff" individual, who, when he was arrested was 5 feet, 11 inches and weighed 170 pounds.  According to prison medical records, Defendant continued an exercise regime once he was imprisoned and then appears to have foregone physical activity and focused on increasing his BMI in conjunction with seeking release based on an elevated BMI.  Rather than release, the Court recommends a return to focus on his physical activity and well-being and accepting the vaccinations offered as the best path forward to ensure Defendant's continued health.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Adam John Burke's Motion for Compassionate Release [Docket No. 431] is **DENIED**.


Dated:   August 5, 2021                          s/Michael J. Davis
                                                 Michael J. Davis
                                                 United States District Court